UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHRISTOPHER THOMPSON, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> SYNERPRISE CONSULTING ) <br> SERVICES, INC., ) <br> ) <br> DEFENDANT. ) | Case No. 15-50 <br><br> Jury Demanded |

# COMPLAINT

Plaintiff, Christopher Thompson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Christopher Thompson ("Plaintiff'), is a resident of the State of Missouri, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted a Schumacher Group consumer account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Synerprise Consulting Services, Inc., ("Synerprise"), is a Texas corporation that operates a nationwide delinquent debt collection business, and attempts to

collect debts from consumers in virtually every state, including consumers in the State of Missouri. (Exhibit A, Record from the Texas Secretary of State).

5. Defendant Synerprise is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Synerprise conducts business in Missouri by regularly collecting debts from Missouri consumers.

7. Synerprise is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

8. Plaintiff incurred an alleged debt for medical services, for a Schumacher Group medical account ("alleged debt"). Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

9. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

10. The alleged debt was assigned or otherwise transferred to Synerprise for collection sometime thereafter.

11. In July, 2014, Synerprise communicated credit information to the Equifax consumer reporting agency, including an account number, the original creditor and a balance. (Exhibit B, Excerpt of Equifax consumer report).

12. Synerprise communicated a balance of $217 on the alleged debt.

13. On or about July 29, 2014, Synerprise mailed Plaintiff a collection letter ("First Letter"). (Exhibit C, First Collection Letter).

14. The First Letter conveyed various information regarding the account directly to Plaintiff, including the amount owed, the identity of the original creditor and an account number.

15. The First Letter conveyed an account number specific to the creditor, which account number started with the same three numbers disclosed on Plaintiff's Equifax report.

16. The First Letter conveyed an Amount Due on the alleged debt of $217.25.

17. In fact, the First Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

18. On or about July 29, 2014, Synerprise mailed Plaintiff a second collection letter ("Second Letter"). (Exhibit D, Second Collection Letter).

19. The Second Letter conveyed various information regarding the account directly to Plaintiff, including the amount owed, the identity of the original creditor and an account number.

20. The Second Letter conveyed a different account number, which account number started with the same three numbers as the account disclosed on Plaintiff's Equifax report, but ended with different numbers than the account of the First Letter.

21. The Second Letter conveyed an Amount Due on the alleged debt of $217.25.

22. Subsequently, Plaintiff contacted Synerprise to inquire as to the accounts and amounts Synerprise was attempting to collect from Plaintiff.

23. Plaintiff was connected to an agent or employee of Synerprise, whose conduct Synerprise directed and authorized.

24. Synerprise's agent conveyed information regarding the alleged debt, including account numbers and amount due.

25. The phone call was a communication as that term is defined at § 1692a(2) of the FDCPA.

26. The agent for Synerprise told Plaintiff he had one account owing for $217.25.

27. Therefore, one of the July 29, 2014, letters attempts to collect an amount not authorized by law.

28. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**
   **(A) the character, amount, or legal status of any debt. . . .**

29. Synerprise misrepresented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), when it communicated to Plaintiff via its collection letters that two accounts were owing for the amount of $217.25 when it subsequently informed Plaintiff that only one account was owing for the amount of $217.25.

30. Synerprise had no statutory or contractual right to collect an additional $217.12 on the alleged debt from Plaintiff.

31. In fact, Synerprise had no statutory or contractual right to collect any additional amounts from Plaintiff on the alleged debt.

32. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . .**

33. Synerprise attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $217.12 from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

34. In August, 2014, Synerprise communicated credit information to the Equifax consumer reporting agency, including an account number, the original creditor and a balance. (Ex. B, Equifax).

35. In August, 2014, Synerprise communicated a second account ("Second Account") for Plaintiff with a different account number.

36. Synerprise communicated a balance of $148 on the Second Account.

37. On or about August 13, 2014, Synerprise mailed Plaintiff a third collection letter ("Third Letter"). (Exhibit E, Third Collection Letter).

38. The Third Letter conveyed various information regarding the Second Account directly to Plaintiff, including the amount owed, the identity of the original creditor and an account number.

39. The Third Letter conveyed an account number specific to the creditor, which account number started with the same three numbers as the Second Account disclosed on Plaintiff's Equifax report.

40. The Third Letter conveyed an Amount Due on the Second Account of $365.12.

41. In October, 2014, Synerprise communicated credit information to Equifax regarding the Second Account, including an account number, the account balance, and the original creditor. (Ex. B, Equifax).

42. In October, 2014, Synerprise communicated a balance of $148 on the Second Account.

43. The balance on the alleged debt had *decreased*.

44. Plaintiff had made no payments to Synerprise with respect to any of the accounts.

45. The account balance alleged by Synerprise on the Second Account decreased in the absence of any payment by Plaintiff.

46. Either the credit information communicated by Synerprise to Plaintiff on or about August 13, 2014 – that the balance owed on the Second Account was $365.12 – was false, or the credit information communicated by Synerprise to the Equifax consumer reporting agency in October, 2014 – that the balance owed on the Second Account was $148 – was false; both amounts cannot be correct. The account balance cannot *decrease* over time in the absence of payments.

47. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
> **(A) the character, amount, or legal status of any debt. . . .**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

48. Synerprise misrepresented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(8), when it communicated to Plaintiff and Equifax a balance which it knew or should have known to be false.

49. All three collection letters (collectively "Letters") attempted to collect a total amount from Plaintiff of $799.62.

50. Synerprise had no contractual nor statutory right to collect $799.62.

51. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . .**

52. Synerprise attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect $799.62 from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

53. The Letters were mailed in envelopes with a window that showed Plaintiff's name and address.

54. Above Plaintiff's name, but below the postal bar code, was a number. (Exs. C-E, Collection Letters).

55. The number ("Account Number") matches Plaintiff's account number for each respective letter's alleged debt.

56. The Account Number is visible through the window of the envelopes.

57. The Account Number is not part of the debt collector's address.

58. The Account Number is not part of the debt collector's name.

59. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

60. Synerprise used unfair means to collect or attempt to collect a debt by disclosing Plaintiff's Account Number on its envelopes when communicating with Plaintiff by use of the mails, in violation of 15 U.S.C. §§ 1692f and 1692f(8).

61. An account number for a consumer's debt may not appear through the envelope's window that the debt collector mailed to the consumer. *Douglass v. Convergent Outsourcing*, F.3d ----, 2014 WL 4235570 (3rd Cir. Aug. 28, 2014).

62. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

63. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Duffy v. Landberg,* 215 F.3d 871, 873 (8th Cir. 2000).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

64. Plaintiff re-alleges paragraphs 1-63 as if set forth fully in this count.

65. Synerprise misrepresented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), when it communicated to Plaintiff via its collection letters that two accounts were owing for the amount of $217.25 when it subsequently informed Plaintiff that only one account was owing for the amount of $217.25.

66. Synerprise attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $217.12 in interest and fees from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

67. Synerprise misrepresented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(8), when it communicated to Plaintiff and Equifax a balance which it knew or should have known to be false.

68. Synerprise attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect $799.62 from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

69. Synerprise used unfair means to collect or attempt to collect a debt by disclosing Plaintiff's Account Number on its envelopes when communicating with Plaintiff by use of the mails, in violation of 15 U.S.C. §§ 1692f and 1692f(8).

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Ryan Callahan
Attorney for Plaintiff

Ryan Callahan
**Callahan Law Firm, LLC**
221 E. Gregory Blvd., Suite A
Kansas City, MO 64114-1138
Ph: 816-822-4041
ryan@callahanlawkc.com